### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**ROGER JOHNSON, a/k/a ROGER CAL JOHNSON, JR.**      **PLAINTIFF**

**VERSUS**      **CAUSE NO. 3:22cv170-KHJ-MTP**

**NURSE INGE, NURSE DUNN, and DR. ARNOLD**      **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. Having considered the record and the applicable law, the undersigned recommends that permission for pro se Plaintiff Roger Johnson to proceed *in forma pauperis* in this matter be revoked, that this matter be dismissed without prejudice, and that the Clerk of Court be directed to reopen this civil action if the filing and administrative fees are paid within 30 days of the entry of dismissal.

Johnson initiated this action pursuant to 42 U.S.C. § 1983, alleging a denial of medical and mental health treatment. At the time, he was incarcerated with the Mississippi Department of Corrections and had accumulated four strikes under 28 U.S.C. § 1915(g). *Johnson v. Abangan*, 790 F. App'x 635, 636 (5th Cir. Jan. 20, 2020); *Johnson v. Lewis*, 4:08cv24, 2008 U.S. Dist. LEXIS 48172 (N.D. Miss. June 19, 2008); *Johnson v. Dorsey*, 4:08cv23, 2008 U.S. Dist. LEXIS 27874 (N.D. Miss. Apr. 4, 2008); *Johnson v. Presley*, 4:07cv105, 2007 U.S. Dist. LEXIS 54432 (N.D. Miss. Jul. 26, 2007). The Court conditionally granted him pauper status and ordered the parties to brief the issue of whether Plaintiff satisfied the imminent danger exception of § 1915(g). Plaintiff was instructed to include any exhibits he wished the Court to consider. The parties' briefs and submissions are now before the Court.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner's privilege to proceed *in forma pauperis* must be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). Excepted from this bar are cases in which "the prisoner is under imminent danger of serious physical injury." *Id.* The court must consider all actions which were dismissed as frivolous, malicious, or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). Denial of *in forma pauperis* under the three strikes provision is a:

> matter[ ] of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures. . . . Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Johnson has, on at least 11 prior occasions, brought civil actions under § 1915 in a court of the United States, while he was incarcerated. Three were dismissed for failure to state a claim. *Lewis*, 4:08cv24, 2008 U.S. Dist. LEXIS 48172 at *1; *Dorsey*, 4:08cv23, 2008 U.S. Dist. LEXIS 27874 at *1; *Presley*, 4:07cv105, 2007 U.S. Dist. LEXIS 54432 at * 1. One was dismissed as frivolous on appeal. *Abangan*, 790 F. App'x at 636. These dismissals amount to four strikes under § 1915. Unless the present action satisfies the imminent danger exception, his pauper status must be revoked.

The imminent danger exception allows a prisoner to proceed *in forma pauperis* in cases where he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Fifth

2

Circuit Court of Appeals held, "a prisoner with three strikes is entitled to proceed with his action . . . only if he is in imminent danger at the time that he seeks to file his suit in district court or . . . files a motion to proceed IFP." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). "Further, '[b]y using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred.'" *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

Johnson signed the Complaint and application to proceed *ifp*, on March 18, 2022, and they were mailed on March 25, 2022. (Mot. IFP Ex. [2-1] at 1); (Mot. IFP at 2); (Compl. Ex. [1-1] at 1); (Compl. at 15). He claims he was in imminent danger because he was suffering from costochondritis from a previously collapsed lung, asthma, and post traumatic stress disorder. It is not clear if he claims that his "skin al[l]ergy that requires a soap prescription" was also subjecting him to imminent danger. (Pl.'s Brief [21-1] at 1). The costochondritis, he contends, "causes heart-attack like pain." *Id.* at 3. He alleges that, "for several months," he went without his prescribed pain medication for costochondritis, without asthma pumps, and was not seen by the psychiatric staff. *Id.* at 2. He further claims he was having chest pains the day he signed his complaint. *Id.* at 3. In support of his claims, he attaches an unsworn statement and a grievance, dated November 19, 2021. In the grievance, he states that he has "filled out several sick calls about chest pains, itching skin, and medical refills. None of them have been answered. It has been going on for about 2 months." (Pl.'s Brief Ex. 1a [21-2] at 2). He also attaches a response to his grievance, dated December 20, where he was informed that the prison was already considering his request on these issues. (Pl.'s Brief Ex. 1b [21-3] at 2). As for his

3

mental health issues, he alleges that he witnessed inmate violence "during the time I was being refused medical attention. These thing[s] triggered my PTSD and anxiety." (Pl.'s Mem. [22] at 2).

Defendants, on the other hand, assert that Plaintiff was being treated for his asthma, costochondritis, and mental health conditions, and maintain that neither these nor his skin conditions presented an imminent danger of serious physical injury. In support of their arguments, Defendants offer the sworn affidavits of Dr. Patrick Arnold and Nurse Evelyn Dunn and Plaintiff's medical records. Dr. Arnold's affidavits and the medical records indicate that Johnson was being given medication for his costochondritis for the entire month of March, 2022. (Defs.' Brief Ex. A [16-1] at 1, 3). On the day Johnson signed the Complaint, in fact, he had been given two doses of the medicine. *Id.* at 3. The medical records further demonstrate that he was seen on March 15, 2022 for a "chronic care" visit for his asthma, where he is recorded as reporting only one asthma attack in the prior month. *Id.* at 4-5. The same records of March 15, 2022 list his current medications to include Albuterol for his asthma, vitamin A and D ointment for his skin, and Indocin for his costochondritis. *Id.* at 4. Finally, Nurse Dunn avers that Johnson "had not been diagnosed with anxiety and post-traumatic stress disorder." (Defs.' Supp. Brief Ex. 1 [18-1] at 1).

First, Johnson's mental health allegations do not implicate his physical safety. He merely claims his anxiety and PTSD were triggered. Without more, this bare assertion cannot form the basis of establishing a likelihood of imminent physical harm to himself.

As for Johnson's medical treatment claims, the undersigned finds that Johnson was receiving medical treatment for his costochondritis, asthma, and skin allergy at the time he filed

4

the Complaint in March of 2022. Defendants' evidence to this effect is not refuted, save for an unsworn declaration that, for several months around November of 2021, Johnson was receiving no treatment. The record does not support Plaintiff's assertion that he was in "imminent danger of serious physical injury" when he filed his most recent Complaint.

Where a plaintiff is receiving medical care, courts have declined to find an imminent danger of serious physical injury. For example, the Fifth Circuit held there was no imminent danger where the prisoner complained of a history of chest and kidney pains, but he was receiving medical treatment. *Arvie v. Tanner*, 518 F. App'x 304, 305 (5th Cir. Apr. 12, 2013). Likewise, the Eleventh Circuit Court of Appeals held that a plaintiff who alleged pain and migraines and difficulty sleeping, thinking, concentrating, and seeing did not satisfy the standard where he did not allege a total lack of medical treatment or that he would suffer severe complications. *Steverson v. McDowell*, 17-12825, 2017 U.S. App. LEXIS 28625 at *11 (11th Cir. Nov. 2, 2017). This Court has held that allegations that arthritis surgery was performed on the wrong hand was insufficient to allege imminent danger where the surgery was rescheduled for the correct hand, and plaintiff was undergoing physical therapy. *Evans v. Woodall*, 2:13cv17, 2013 U.S. Dist. LEXIS 80263 at *5 (S.D. Miss. June 7, 2013). There was likewise no imminent danger from a failure to treat Hepatitis C, where the plaintiff admitted he was seeing a doctor for this illness and did not allege he was actively "suffering any physical maladies at the time he filed" his Complaint. *Jackson v. Wexford Health Sources*, 2:13cv19, 2013 U.S. Dist. LEXIS 200126 at *2 (S.D. Miss. Feb. 20, 2013). Another court has held that there was no imminent danger from costochondritis where plaintiff was being seen by doctors and did not explain his chest pain. *Wilson v. Tucci*, 2:15cv2404, 2018 U.S. Dist. LEXIS 14043 at *5-6

(E.D. Cal. Jan. 29, 2018).   Finally, there was no imminent danger where a plaintiff received a neck brace and did not sufficiently allege that his neck pain and related injuries were caused by having the "wrong" kind of neck brace.  *Moore v. Murray*, 4:21cv2780, 2022 U.S. Dist. LEXIS 123 at *10 (S.D. Tex. Jan. 3, 2022).   Like these plaintiffs, Johnson was receiving medical care for his physical ailments.   He was receiving pain medicine, asthma medicine, and skin ointment and was under chronic care for his asthma.   He does not show that these medical conditions posed an imminent danger of serious physical injury to him at the time he filed his Complaint.

As Johnson has failed to demonstrate that he was under an imminent threat of serious physical danger at the time he filed this Complaint, he is not entitled to pauper status.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's pauper status be REVOKED pursuant to 28 U.S.C. § 1915(g) and that this matter be dismissed without prejudice. The undersigned further recommends that the Clerk of Court should be directed to reopen this civil action if the $402 filing and administrative fees are paid within 30 days of the entry of dismissal.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party.   The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions.   Failure to timely file written objections to

proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 30th day of June, 2023.

> s/ Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE